IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ana Barros, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 14 C 2313 |
| Admin Recovery, LLC, a New York limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Ana Barros, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Ana Barros ("Barros"), is a resident of the State of Massachusetts, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed to Wells Fargo, despite the fact that she had exercised her right to be represented by the legal aid attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4. Defendant, Admin Recovery, LLC ("Admin"), is a New York limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Admin operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Admin was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Admin is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, records from the Illinois Secretary of State, attached as Exhibit A. In fact, Admin conducts extensive and substantial business in Illinois.

6. Defendant Admin is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Admin acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Due to the economy, Ms. Barros fell behind on paying her bills, including a debt she allegedly owed for a Wells Fargo account related to the purchase of furniture for her home. While Defendant Admin was trying to collect this debt from Ms. Barros, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Defendant's collection actions.

8. Accordingly, via a letter, dated April 17, 2013, one of Ms. Barros's attorneys at LACD informed Defendant, in writing, that Ms. Barros was represented by

counsel, and directed Admin to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. Barros was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt. A copy of this letter and fax confirmation is attached as Exhibit C.

9. Thereafter, from April, 2013 through February, 2014, from their offices in Chicago, Illinois, Ms. Barros's attorneys at LACD sent Defendant Admin agreed upon monthly payments, which payments were accepted by Defendant.

10. Nonetheless, Defendant Admin called Ms. Barros, including, but not limited to a telephone call on or about February 26, 2014, to demand payment of the Wells Fargo debt. During this telephone call, Defendant Admin's debt collector misrepresented to Ms. Barros that her attorney said it was alright for Admin to call her and that her payment plan had expired. This greatly distressed and alarmed Ms. Barros and caused her to immediately pay off the debt via an electronic withdrawal from her credit card.

11. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications

13. Plaintiff adopts and realleges ¶¶ 1-12.

3

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Barros's attorney/agent, LACD, told Defendant to cease communications with Ms. Barros (Exhibit C). By continuing to communicate via a letter regarding the debt and demanding payment from Ms. Barros, Defendant Admin violated § 1692c(c) of the FDCPA.

16. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Admin knew that Ms. Barros was represented by counsel in connection with her debts because her attorneys at LACD had informed Defendant Admin, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant to cease directly communicating with her. By directly calling Ms. Barros, despite being advised that she was represented by counsel, Defendant Admin violated § 1692c(a)(2) of the FDCPA.

20. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C.§1692k.

### COUNT III
### Violation Of § 1692e Of The FDCPA - Making Multiple False Threats And Statements

21. Plaintiff adopts and realleges ¶¶ 1-12.

22. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, see 15 U.S.C. § 1692e. Defendant violated this provision by, among other actions:

   a. falsely stating that her attorneys told Admin that it was alright to call Ms. Barros; and,

   b. falsely stating that her payment plan had expired.

23. Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Ana Barros, prays that this Court:

1. Find that Defendant Admin Recovery's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Ms. Barros and against Defendant Admin recovery, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by§1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ana Barros, demands trial by jury.

>Ana Barros,
>
>By: /s/ David J. Philipps
>One of Plaintiff's Attorneys

Dated: April 1, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com